

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 879 | **DATE** | 9/13/2000 |
| **CASE TITLE** | TRADE ASSOCIATES GROUP, LTD. vs. CANDLE FACTORY, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: this Court grants Candle Factory's motion to dismiss [5-1] and dismisses the complaint without prejudice. The Court grants TAG leave to file an Amended Complaint within fourteen days of the issuance of this Memorandum Opinion and Order if in so filing it can comport with the requirements of Fed.R.Civ.P. 11.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 8 2000 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| TBK | courtroom deputy's initials | 00 SEP 15 AM 11: 16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRADE ASSOCIATES GROUP, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzman |
| | ) | |
| CANDLE FACTORY, INC., | ) | 00 C 879 |
| | ) | |
| Defendant. | ) | |

DOCKETED
SEP 18 2000

## MEMORANDUM OPINION AND ORDER

Trade Associates Group, Ltd. ("TAG") has sued Candle Factory, Inc. ("Candle Factory") seeking a declaratory judgment that Candle Factory's copyright on seashell-shaped candles is invalid, unenforceable, and not infringed by the seashell-shaped candles that TAG buys and sells. Candle Factory has moved to dismiss the action for improper venue under 28 U.S.C. § 1400.[1] For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion and dismisses this case without prejudice with leave to file an amended complaint within fourteen days of this opinion.

### Facts

TAG is an Illinois corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 3.) TAG is in the business of purchasing and selling candles that are molded from seashells found in nature. (*Id.* ¶¶ 3, 11.)

---

[1] Candle Factory also seeks an award of attorney's fees pursuant to Fed. R. Civ. P. 11. This Court will not address Candle Factory's request for sanctions because it has failed to follow the procedure set forth in Rule 11 which requires that a "motion for sanctions . . . be made separately from other motions or requests."

13

Candle Factory is a North Carolina corporation that makes seashell shaped candles by hand in Manteo, North Carolina and sells them throughout the country. (*Id.* ¶ 4.) Its principal place of business and only office is located in Manteo, North Carolina. (*Id.*) Candle Factory is the owner of United States Copyright Registration VAU 245-286 ("Registration") for seashell-shaped candles. (*Id.* ¶ 7.)

On November 15, 1999, TAG received a letter from Candle Factory at its Chicago office that demanded that TAG either stop selling the sea shell-shaped candles depicted in its 2000 catalogue and offer a reasonable amount of compensation, or be sued for infringing Candle Factory's copyright on seashell shaped candles. (*Id.* ¶ 5.) On January 28, 2000, TAG received a second letter from Candle Factory at its Chicago office that requested that TAG immediately stop marketing and selling the seashell shaped candles or be joined in a pending suit for infringement of the Candle Factory's copyright. (*Id.* ¶ 6.)

On February 11, 2000, TAG filed the instant action seeking a declaration that Candle Factory's copyright on seashell-shaped candles is invalid, unenforceable, and not infringed by TAG. Subsequently, Candle Factory filed suit against TAG and another party for copyright infringement in the Eastern District of North Carolina.

## Discussion

### I. Motion to Dismiss

Venue in a proceeding relating to copyright is determined by 28 U.S.C. §§ 1400(a) and 1391(c). *Janmark v. Reidy*, 132 F.3d 1200, 1203 (7th Cir. 1997) (determining venue in action seeking declaratory judgment of copyright non-infringement under sections 1400(a) and

1391(c)); *World Film Servs., Inc. v. RAI Radiotelevisione Italiana*, No. 97 Civ. 8627 (LMM), 1999 WL 47206, at * 7 (S.D.N.Y. Feb. 3, 1999) (finding claims for copyright infringement governed by section 1400(a)); *Southco, Inc. v. Matdan Am. Corp.*, No. Civ. A. 98-5425, 1998 WL 848056, at *8-9 (E.D. Pa. Dec. 8, 1998) (finding claims for copyright infringement governed by sections 1400(a) and 1391(c)). Although TAG correctly cites *Dakotah, Inc. v. Tomelleri*, 21 F. Supp. 2d 1066, 1073 (D.S.D. 1998) as stating that venue in a declaratory judgment action for copyright invalidity and non-infringement is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), the precedent cited in the *Dakotah* court to support that statement, *Emerson Electric Co. v. Black & Decker Manufacturing Co.*, 606 F.2d 234, 238 (8th Cir. 1979), is unsupportive. *Emerson* involved a declaratory judgment action for patent invalidity and non-infringement, not copyright invalidity and non-infringement. 606 F.2d at 235. The *Emerson* court stated, "[v]enue in a declaratory judgement action for patent invalidity and noninfringement is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), . . . not the patent infringement venue statute, 28 U.S.C. § 1400(b)." *Id.* at 238. The subject matter of the case at bar is copyright infringement, not patent infringement, and thus 28 U.S.C. § 1400(a), not 28 U.S.C. § 1400(b), applies. Therefore TAG's reliance on *Emerson* is misplaced.

Under 28 U.S.C. § 1400(a), a district court must find that the defendant or his agent either "resides" or "may be found" within its judicial district in order to properly place venue in that particular district court. 28 U.S.C. § 1400(a). Section 1400(a) provides in relevant part:

> (a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found.

28 U.S.C. § 1400(a). In determining where a corporation "resides" for purposes of § 1400(a), the

3

court must look to 28 U.S.C. § 1391(c), which states that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Janmark, Inc.*, 132 F.3d at 1203; *Deere & Co. v. Howard Price Turf Equip., Inc.*, No. 99 C 4169, 1999 WL 1101215, at * 5 (N.D. Ill. Dec. 1, 1999). In determining whether a non-resident defendant "may be found" within a district, the court uses the same "minimum contacts" standard that is used to determine personal jurisdiction. *Gallery House, Inc. v. Alan Yi*, 587 F. Supp. 1036, 1039 (N.D. Ill. 1984). However, in order to find that venue correctly lies in the district court in which the declaratory judgment action is filed, the court must consider the contacts that defendant has with the particular district in which the court sits and find that the defendant is amenable to personal jurisdiction in that particular judicial district. *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445 (7th Cir. 1993). Therefore, under either the "resides" or "may be found" analysis, a non-resident defendant must be amenable to personal jurisdiction in the judicial district in which the copyright related proceeding is filed in order to place venue in that judicial district.

A federal district court in Illinois only has personal jurisdiction over a non-resident party if the Illinois state court will have personal jurisdiction over the non-resident party. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990). Plaintiff bears the burden of establishing that the court has personal jurisdiction over defendant. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 827 (N.D. Ill. 1999). In determining whether plaintiff has met his or her burden of establishing personal jurisdiction, the court may receive and consider affidavits from both parties. *Id.* The facts alleged in the pleadings and affidavits must be viewed by the court in the light most favorable to the plaintiff, and all factual disputes must be resolved in favor

of the plaintiff. *Dakotah*, 21 F. Supp. 2d at 1069. However, any facts offered by the defendant that plaintiff does not refute will be accepted as true. *Deere & Co.*, 1999 WL 1101215, at *2.

An Illinois court must inquire as to whether personal jurisdiction is permitted by (1) Illinois statutory law, (2) the Illinois Constitution, and (3) the Constitution of the United States. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Turning first to Illinois statutory law, the Illinois long arm statute provides that an Illinois "court may . . . exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. 5/2-209(c). The Illinois long arm statute extends the Illinois courts' exercise of personal jurisdiction to the ends of the due process guaranteed by the Illinois and United States Constitutions and therefore requires a federal district court in Illinois to determine whether its exercise of personal jurisdiction is permitted by (1) the Illinois Constitution and (2) the United States Constitution. *RAR, Inc.*, 107 F.3d at 1276; *Brandon Apparel Group, Inc.*, 42 F. Supp. 2d at 828.

## A. Illinois Due Process

Although the Illinois Supreme Court has made it clear that Illinois' guarantee of due process is not necessarily coextensive with federal due process guarantees, "the Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction." *RAR, Inc.*, 107 F.3d at 1276. The only guidance given by the Illinois Supreme Court is the general statement that personal "'[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in

5

Illinois or which affect interests located in Illinois.'" *Id.* (quoting *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990)). An Illinois court may look to the federal courts' construction of the federal due process clause in construing the Illinois Constitution's guarantee of due process. *Rollins*, 565 N.E.2d at 1316; *Mors v. Williams*, 791 F. Supp. 739, 743 (N.D. Ill. 1992). In *Mors*, the court found that the requirements of the Illinois Due Process Clause were satisfied for the same reasons that the requirements of the federal Due Process Clause were satisfied. 791 F. Supp. at 743; *see also Rasmussen v. West, Inc.*, No. 92 C 8495, 1993 WL 243187, at *2 & *3 n.3 (N.D. Ill. June 30, 1993) (finding that satisfaction of the requirements of the U.S. Constitution's Due Process Clause satisfied the requirements of the Illinois Constitution's Due Process Clause). Consequently, the Court's analysis will turn to whether asserting personal jurisdiction over the defendant comports with the requirements of federal due process.

## B. Federal Due Process

Under the Due Process Clause of the United States Constitution, a court may only assert personal jurisdiction over a non-resident defendant that has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). How the "minimum contact" standard is applied differs depending on whether the plaintiff is asserting that the court has general or specific jurisdiction over the defendant.[2] *RAR, Inc.*, 107 F.3d at

---

[2] Specific jurisdiction requires that the suit arise out of or relate to the defendant's minimum contacts with the forum state. *RAR, Inc.*, 107 F.3d at 1277. General jurisdiction requires that the defendant have continuous and systematic contacts with the forum but the suit does not have to be related to or arise out of the defendant's contacts with the forum. *Id.*

6

1277. Since TAG is not asserting that this Court has general jurisdiction over the defendant, this court will focus on the issue of specific jurisdiction. Under specific jurisdiction, a non-resident defendant may not be hailed into court "solely as a result of random, fortuitous, or attenuated contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The defendant's contact with the forum state must be such that "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987).

However, the propriety of asserting jurisdiction over the nonresident defendant does not end by determining that the defendant has some contact with the forum state, the court must also consider several other factors in deciding whether to assert personal jurisdiction over the defendant. *Paramount Pictures Corp. v. Behnke*, No. 94 C 6878, 1995 WL 399494, at *2 (N.D. Ill. June 29, 1995). These factors include: "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co.*, 480 U.S. at 113. In addition, the court "must also weigh in its determination 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interests of the several States in furthering fundamental substantive social policies.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

In this case, the only contact alleged by TAG is the following: "Candle Factory is in the business of selling candles throughout the United States." (Compl. ¶ 4.) In its opposition to the motion to dismiss, TAG qualifies the contact alleged in its complaint by indicating that "selling candles throughout the United States" includes the Northern District of Illinois. However, TAG

7

cannot amend a deficiency in its complaint by inserting the missing allegations in a brief or memorandum filed in district court. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) (dismissing case for lack of jurisdiction). Although this court is permitted to receive and consider affidavits submitted by both parties in determining whether personal jurisdiction, and therefore venue, lies in this court, TAG has failed to submit any affidavits to support its assertion that venue lies in the Northern District of Illinois. TAG instead chose to use its brief in opposition to the motion to dismiss to try and cure the defect in its complaint rather than file an amended complaint or submit affidavits to support its argument that "Candle Factory is in the business of selling candles throughout the United States" includes sufficient contacts with this district. This it cannot do. Thus TAG has failed to allege contacts with sufficient particularity to enable the Court to determine whether Candle Factory is amenable to personal jurisdiction in this district under either the Due Process Clause of the Illinois Constitution or the U.S. Constitution. We are, therefore, unable to determine whether venue is proper.

In *Perkins v. Telluride Beer Co.*, the court found plaintiff's allegation that "[d]efendant sells Telluride Beer in various parts of the United States, including Illinois" to be too cryptic a statement to determine whether venue could be properly placed in that court. No. 92 C 554, 1992 WL 24012, at *1 (N.D. Ill. Jan. 29, 1992). The *Perkins* court found that although defendant's act of selling beer throughout the United States could properly place venue in that court, it would be necessary to determine the scope of activities implied by the plaintiff's allegation in order to make such a determination. *Id.*

As in *Perkins*, this Court finds the contact language alleged by TAG is too cryptic for the Court to determine whether venue is appropriate. Before making such a determination, this

Court must know the scope of Candle Factory's activities in the Northern District of Illinois.

## Conclusion

For the foregoing reasons, this Court grants Candle Factory's motion to dismiss [5-1] and dismisses the Complaint without prejudice. The Court grants TAG leave to file an Amended Complaint within fourteen days of the issuance of this Memorandum Opinion and Order if in so filing it can comport with the requirements of Fed. R. Civ. P. 11.

**SO ORDERED**  ENTERED: 8/13/00

HON. RONALD A. GUZMAN
**United States Judge**